**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**NORTHERN DIVISION**

| | | |
|---|---|---|
| **K. A. J., K. A. J. and T. A. J., minor dependents of REGINALD LADON JONES, deceased, by and through their mother and next friend ATAJAH DAWSEY,** | § | |
| | § | **CIVIL ACTION NO.: ______________________** |
| **Plaintiffs,** | § | |
| **vs.** | § | |
| **INTERNATIONAL MOTORS, LLC, a foreign limited liability corporation,** | § | |
| **Defendant.** | § | |

## COMPLAINT FOR WRONGFUL DEATH

COMES NOW the Plaintiffs, K. A. J., K. A. J. and T. A. J., minor dependents of Reginald Ladon Jones, deceased, by and through their mother and next friend Atajah Dawsey and files this Complaint for Wrongful Death against the Defendant, International Motors, LLC ("International") and shows unto the Court as follows:

### Statement of the Parties

1. Plaintiff, Atajah Dawsey, is an individual over the age of nineteen (19) and is an Alabama citizen. Plaintiff is the natural mother and next friend of minor Plaintiffs K.A.J., K.A.J., and T.A.J., all of whom are Alabama citizens. The deceased, Reginald Ladon Jones ("Jones"), was a citizen of Alabama at the time of

his death. Mr. Jones was the natural father of minors K.A.J, K.A.J., and T.A.J. At the time of Mr. Jones death, the minors were his dependents within the meaning of the Alabama Workers Compensation Act. The incident made the basis of this action occurred while Mr. Jones was working within the course ands scope of his employment with Wiregrass Block and Precast, LLC.

2. Defendant International Motors LLC ("International"), previously known as Navistar International Corporation, upon information and belief, is a foreign limited liability company, with its principal place of business in Wheaton, Illinois. The Defendant, International, is registered to do business in the State of Alabama and was actually doing business in the State of Alabama at all times relevant to this lawsuit, including Montgomery County. International's registered agent of service in Alabama is Corporation Service Company located at 641 South Lawrence Street, Montgomery, AL 36104. Based on information and belief, no member of International Motors, LLC is an Alabama citizen.

3. This Court has subject matter jurisdiction over the action pursuant to 28 U.S.C. § 1332 in that complete diversity exists between the parties of this action and the matter in controversy exceeds the sum of $75,000.00.

4. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(1), (c)(1) and (d). International does continuous and systematic business in this judicial district such that it is subject to this Court's personal jurisdiction including but not,

vehicle sales and service, parts sales and correspondence and recall notices to dealers and consumers within the district. Defendant's registered agent for service is also located in the district.

## The Product

5. The product involved in this action is a 2026 International truck, VIN # 3HSDZSZR9TN083659.

## Statement of the Facts

6. On December 10, 2025, Reginald Ladon Jones, while working within the course and scope of his employment with Wiregrass Block and Precast was operating a 2026 International heavy duty tractor and trailer combination along Alabama Highway 34 near mile marker 52.

7. While operating the 2026 International, the truck left the pavement and rolled over on to its roof. At the time of the wreck, Mr. Jones was a properly belted passenger.

8. The 2026 International truck was designed, engineered, manufactured and marketed by International, currently a division of TRATON Group, which is a part of the German Volkswagen Group. The truck roof and cab structure were in substantially the same condition as when originally sold.

9. As a direct and proximate result of the defective condition of the cab of the 2026 International truck made the basis of this suit, as well as the negligent, and/or wanton conduct of the Defendant, Mr. Jones suffered injuries that resulted in his death.

10. The subject truck cab was at the time of the accident in substantially the same design and condition as it was when it was originally manufactured, sold and placed into the stream of commerce.

## COUNT I

### (AEMLD / Design Defect and Marketing)

12. International designed, selected, inspected, tested, manufactured, assembled, equipped, marketed, distributed and sold the truck cab made the basis of this action.

13. The subject truck cab was defectively designed and unreasonably dangerous because the cab is not suitable for its intended purpose and did not provide adequate crashworthiness safety for occupants in the event of a foreseeable rollover event. The risk of injury and death to truck occupants in a foreseeable rollover outweighs the utility of the Defendant's chosen design. In fact, Defendant was aware of the existence of reasonably available and safer designs and design processes to ensure adequate crashworthiness of its cabs at the time the subject truck cab was

produced. Defendant has also been put on notice of the defective nature of its cab structures through prior claims and lawsuits, some filed by the undersigned Plaintiff's counsel.

14. Prior to the manufacturer of the subject cab, International had participated in a multi-year heavy truck crashworthiness study with other heavy truck manufacturers in the 1990's that had determined cab strength for roll over safety needed to be increased by 240% to provide adequate protection to occupants in rollover events.

15. The subject International truck cab was defectively designed in at least the following ways at the time it was sold, for which Daimler is strictly liable:

a. International failed to incorporate by design, technologically and economically available safer designs that would provide adequate crashworthiness and protect occupants in the event of a foreseeable rollover event;

b. International failed to adequately warn the decedent, other consumers, or the public in general about the unsafe and defective condition and design of the truck cab known to International, such that individuals like the decedent could make informed and prudent decisions regarding traveling or riding in such truck cab;

c. International failed to implement safe, technologically feasible, and economically practical alternative designs, which would have mitigated or cured the design defects noted above;

d. International failed to hold paramount the safety, health, and welfare of the public when designing the truck made the basis of this suit;

e. International failed to eliminate through design, hazards that it recognized to be associated with the use of its products;

f. International failed to protect, guard or warn consumers against hazards it recognized to be associated with the use of its products; and

g. International failed to complete an adequate risk/hazard analysis of potential harm to consumers when the subject truck cab experienced a foreseeable rollover event.

h. International was aware of multiple other similar claims and accidents wherein its cabs, irrespective of model, were alleged to have inadequate strength to protect occupants in foreseeable rollover events.

16. As a direct and proximate result of the design defects in the subject cab, Reginald Ladon Jones, deceased, suffered fatal injuries which renders Defendant

liable pursuant to the Alabama Extended Manufacturers Liability Doctrine ("AEMLD").

**COUNT TWO**

**(Negligence and/or Wantonness of Defendant)**

17. International owed a duty of care to the decedent and the consumer public in general to design and sell a reasonably safe truck cab and to warn about dangers in its truck cabs that International was aware of and/or subsequently became aware of.

18. International had a duty to hold paramount the safety, health, and welfare of the public in designing the truck cab made the basis of this suit.

19. International had a duty to eliminate, through design, hazards it recognized to be associated with the use of the truck cab made the basis of this suit.

20. International had a duty to protect or guard consumers against hazards it recognized to be associated with the use of its truck cabs if it was able to eliminate the hazard through design.

21. International had a duty to warn consumers of hazards recognized to be associated with the use of its truck cabs before and after introduction of the truck cab to the public if such recognized hazards could not be designed out or guarded against.

22. International breached its duty of care in one or more of the following respects:

a. International negligently and/or wantonly failed to design the subject truck cab to be reasonably safe during a foreseeable rollover event;

b. International negligently and/or wantonly failed to adequately warn the decedent, other consumers, or the public in general about the unsafe and defective condition and design of the truck cab known to International or which International subsequently learned of, such that individuals like the decedent could make informed and prudent decisions regarding traveling or riding in such trucks; more specifically, but not limited to, International failed to warn the decedent that the subject truck cab would not provide adequate protection or crashworthiness during a foreseeable rollover event;

c. International negligently and/or wantonly failed to implement safe, technologically feasible, and economically practical alternative designs and processes which would have mitigated or cured the defective conditions of the truck cab; and

d International negligently and/or wantonly failed to complete an adequate hazard analysis and risk assessment for potential harm to consumers when the truck cab made the basis of this suit was designed, sold and/or manufactured without technologically and economically feasible alternative designs.

e. International was aware of multiple other similar claims and accidents wherein its cabs, irrespective of model, were alleged to have inadequate strength to protect occupants in foreseeable rollover events.

24. International acted with such willful, wanton, and reckless indifference, demonstrating an entire want of care for the safety and well-being of victims like Mr. Jones and others so as to evidence a conscious indifference to the consequences of its acts in designing and/or manufacturing its truck cabs.

25. As a direct and proximate result of International's negligence and/or wantonness, Reginald Ladon Jones, deceased, suffered fatal injuries.

## PRAYER FOR RELIEF

**Wherefore**, Plaintiff demands judgment against Defendant for a reasonable amount of punitive damages in accordance with the Alabama Wrongful Death Act, in excess of the jurisdictional requirements of this Court, including costs of this action.

## JURY DEMAND

**Plaintiff hereby demands trial by jury on all issues of this cause.**

a. That the Plaintiff have a trial by jury;

b. That all costs be taxed against the Defendant;

c. For such other and further relief as is just and appropriate.

**Respectfully submitted this the 17 September 2026.**

/s/Benjamin E. Baker, Jr.
BENJAMIN E. BAKER (ASB-4849-E30B)
Attorney for Plaintiff

OF COUNSEL:

Benjamin E. Baker, Jr.
**BEASLEY, ALLEN, CROW,**
**METHVIN, PORTIS & MILES, P.C.**
P.O. Box 4160
Montgomery, AL 36103-4160
Telephone: (334) 269-2343
Facsimile: (334) 954-7555
ben.baker@beasleyallen.com

**SERVE DEFENDANT AS FOLLOWS:**
International Motors, LLC

c/o Registered Agent: Corporation Service Company
641 South Lawrence Street
Montgomery, AL 36104